# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Lauer Enterprises, Inc., a Minnesota Corporation, | ) Civil Action No.: 15CV032 MJD-FLN )  ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| Oh Baby! Gifts Inc., a New York Corporation, Oh Baby! Gifts. | ) ) |

## ORDER

This matter is before the Court on Plaintiff's motion for entry of default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and for a permanent injunction, attorney's fees and costs. For the reasons stated below, the Court will grant the motion.

## FINDINGS OF FACT

1. Plaintiff filed a summons and complaint on January 7, 2015. Defendant was served on February 13, 2015 by leaving the summons and complaint with the manager of Defendant Oh Baby! Gifts. The individual served informed the process server that he was the manager of the store, but refused to provide his name. [Doc. No. 5]

2. Defendant has failed to plead or otherwise appear in this action.

3. The Clerk of Court entered default on March 11, 2015.

4. Plaintiff is the owner of a valid and existing United States trademark OH BABY!, U.S. Reg. Nos. 2,385,960, 3,722,896 and 4,278,502.

5. Defendant has used the mark OH BABY! in its business which sells infant and children's products. Defendant operates a store in Brooklyn, New York and a website located at www.ohbabygifts.com.

6. Plaintiff is the prior and senior user of the mark OH BABY! Plaintiff is also in the business of selling infant and children's products, including furniture, clothing and accessories.

7. Defendant has received actual notice of Plaintiff's trademark registrations and its alleged infringement via phone conversations with Plaintiff's counsel, two Facebook complaints, an office action from the United States Patent and Trademark Office refusing Defendant's attempt to register OH BABY! and when Plaintiff sent Defendant a courtesy copy of the complaint on January 7, 2015.

8. Defendant's use of the OH BABY! mark has falsely suggested the existence of some sponsorship, connection, license or association between Plaintiff and Defendant. Defendant's use of the mark has cause confusion, mistake, or deception in the marketplace as to the source or origin of Defendant's services.

## CONCLUSIONS OF LAW

1. Defendant has willfully infringed, and continues to infringe Plaintiff's OH BABY! mark.

2. Defendant's infringement has irreparably harmed Plaintiff and will continue to irreparably harm Plaintiff. The harm to Plaintiff from Defendant's infringement outweighs any potential harm to Defendant from enjoining Defendant's infringing activities.

3. The public interest will be served by an injunction against Defendant's infringing activities.

4. Plaintiff is entitled to default judgment and has thus demonstrated success on the merits of this federal and state claims of trademark infringement and unfair competition.

5. The Court finds that Plaintiff is entitled to the requested injunctive relief.

6. Plaintiff is entitled to reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1117 and Minn. Stat. § 325D.45, subd. 2 as Defendant has willfully engaged, and continues to engage, in trademark infringement knowing that practice to be deceptive.

7. Plaintiffs seek an award of attorney's fees representing a total of 61.90 hours billed from three attorneys and two paralegals.  The amount of attorney's fees requested is higher than necessary for a default judgment.  There is nothing unusual or complex about the facts underlying this case.  Accordingly, the Court finds that the requested attorney fees award in this case should be reduced by one third.

**IT IS HEREBY ORDERED** that:

1. Plaintiff Lauer Enterprises, Inc.'s motion for default judgment, permanent injunction, and attorneys' fees and costs is GRANTED.

2. Pursuant to 15 U.S.C. §§ 1116 and 1118, the Court awards injunctive relief as follows:

    a. Defendant Oh Baby! Gifts, Inc. and its agents, servants, employees, affiliates, and all other persons acting in concert or conjunction with it

    from directly or indirectly utilizing the name OH BABY! or any confusingly similar variant thereof, in any manner, including without limitation, as trademarks, service marks (or any other type of designation), trade names, business names, designations, descriptors, product identity statements, domain names, email addresses, keywords, or metatags, on products, packaging, or shipping containers, in product literature, promotional literature, or advertisements, on websites, Internet sites, online auctions or social networking sites.

b. On or before 30 days from the date of this Order, Defendant shall destroy all packaging, advertising, marketing, and collateral materials that contain any OH BABY! marks or any mark, name, or designation that infringes or is similar to any OH BABY! marks.  Defendant shall remove all references to or use of the OH BABY! marks and any mark, name, or designation that infringes any OH BABY! mark from any and all websites, Internet sites, online auction sites, social networking sites and other online applications containing content directly or indirectly under its control, and shall certify its compliance with this paragraph in writing and under oath.  If any other packaging, advertising, marketing, or collateral materials containing or referring to any OH BABY! mark or any mark, name, or designation that infringes or has been deemed confusingly similar to any OH BABY! mark, come or are brought to

4

        Defendant's attention after the date of such certification, Defendant shall promptly destroy such other materials and remove such references.

    c. On or before 30 days from the date of this Order, Defendant shall transfer the domain name www.ohbabygifts.com to Plaintiff.

    d. On or before 45 days from the date of this Order, Defendant shall file with the Court a certification under oath attesting to and detailing Defendant's compliance with this Order.

3.     Pursuant to 15 U.S.C. § 1117(a), Defendant shall account to Plaintiff for all profits realized through use of the OH BABY! mark, in an amount to be approved by the Court upon submission of an accounting thereof.

4.     This Court finds that Plaintiff Lauer Enterprises, Inc. is the prevailing party and this is an exceptional case under 15 U.S.C § 1117 so as to justify an award of attorneys' fees. Alternatively, Plaintiff Lauer Enterprises, Inc. is awarded attorneys' fees under Minn. Stat. § 325D.45 subd. 2 and/or Minn. Stat. § 8.31 subd. 3a. Plaintiff Lauer Enterprises, Inc. is awarded reasonable attorneys' fees in the amount of $12,676.00 and costs in the amount of $400.00, for a total of $13,076.00.

    LET JUDGMENT BE ENTERED ACCORDINGLY


Dated: June 24, 2015                 s/ Michael J. Davis
                                            Michael J. Davis
                                            Chief Judge
                                            United States District Court